## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

ANASTASIA F.,[1]

Plaintiff,

v.

5:23-CV-637
(MJK)

MARTIN J. O'MALLEY,

Defendant.

---

DAVID F. CHERMOL, ESQ., for Plaintiff
CANDACE BROWN CASEY, Special Asst. U.S. Attorney, for Defendant

MITCHELL J. KATZ, U.S. Magistrate Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security, denying her application for benefits. This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1, and the consent of the parties. (Dkt. No. 6). Both parties filed briefs (Dkt. Nos. 9, 16, 19), which the court treats as motions under Fed. R. Civ. P. 12(c), in accordance with General Order 18.

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff using only her first name and last initial.

1

## I.   **PROCEDURAL HISTORY**

Plaintiff protectively applied for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) in June 2017, alleging disability since January 20, 2013, due to physical and mental impairments. (Administrative Transcript (T.) 244-46, 280-90, 1050). Because Plaintiff's date last insured (DLI) for DIB was September 30, 2017 (T. 280, 1053), the relevant period here is from January 20, 2013,[2] through September 30, 2017. (T. 1051).

Plaintiff's claim was initially denied in October 2017, at which time she requested a hearing. (T. 79-85). In April 2019, Plaintiff appeared before Administrative Law Judge ("ALJ") John P. Ramos, with the assistance of counsel. (T. 32-61). ALJ Ramos issued a written decision, finding that Plaintiff was not disabled during the relevant period. (T. 86-100). In May 2020, the Appeals Council granted Plaintiff's request for review and remanded the case for a new hearing and decision. (T. 101-05). ALJ Ramos then held a telephone hearing in February 2021, at which Plaintiff and a vocational expert testified. (T. 62-78). ALJ Ramos again issued an unfavorable written

---

[2] Plaintiff moved to amend her alleged onset date to the date of her 50th birthday in March 2017. (T. 35-37, 261, 1072). In April 2019, Plaintiff's attorney explained that "they originally had an onset date of 2013, but I don't really see too much in the way of records. She did try to work after that date." (T. 35). In January 2023, Plaintiff's attorney stated, "I'm reiterating the amended onset date of that date [Plaintiff's 50th birthday]." (T. 1072). Plaintiff's brief also notes the amended alleged onset date of March 7, 2017. (Plaintiff's Brief ("Pl. Br.") at 2) (Dkt. No. 9). However, the January 2023 decision addressed the period of January 20, 2013, through September 30, 2017. (T. 1050-51).

decision. (T. 1076-94). In November 2021, the Appeals Council denied Plaintiff's request for review. (T. 1095-1101). Plaintiff filed a civil action, and in June 2022, this Court entered an order and judgment remanding the case, pursuant to a stipulation between the parties. (T. 1108). *See also Anastasia F. v. Kijakazi*, Case No. 5:22-CV-0035 (DJS), Dkt. Nos. 11-12 (June 14, 2022). The Appeals Council remanded the case to an ALJ in August 2022. (T. 1102-07).

Plaintiff's case was reassigned to ALJ Kenneth Theurer, who held an in-person hearing with Plaintiff and her attorney in January 2023. (T. 1068-75). ALJ Theurer then issued an unfavorable written decision. (T. 1047-67). Plaintiff did not file written exceptions to the Appeals Council, and the Appeals Council did not review the ALJ's decision. Plaintiff filed the instant civil action after 61 days, when ALJ Theurer's decision became the Commissioner's final decision. (Dkt. No. 1).

## II.    GENERALLY APPLICABLE LAW

### A.    Disability Standards

To be considered disabled, a plaintiff seeking DIB or Supplemental Security Income benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 1382c(a)(3)(A).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that
> he is not only unable to do his previous work but cannot, considering his age,

3

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. sections 404.1520 and 416.920, to evaluate disability insurance and SSI disability claims.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which meets or equals the criteria of an impairment listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant can perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see* 20 C.F.R. §§ 404.1520, 416.920. The plaintiff has the burden of establishing disability at the first four steps. However, if the plaintiff establishes that her impairment prevents her from performing her past work, the burden then shifts to the Commissioner to prove the final step. *Id.*

### B.    Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supported the decision. *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); 42 U.S.C. § 405(g).

4

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Id.* However, this standard is a very deferential standard of review "– even more so than the 'clearly erroneous standard.'" *Brault*, 683 F.3d at 448. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). However, a reviewing court may not substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Id. See also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

An ALJ is not required to explicitly analyze every piece of conflicting evidence in the record. *See, e.g.*, *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) ("[W]e are unwilling to require an ALJ explicitly to reconcile every conflicting shred of medical testimony[.]"). However, the ALJ cannot "'pick and choose' evidence in the record that supports his conclusions." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004); *Fuller v. Astrue*, No. 09-CV-6279, 2010 WL 5072112, at *6 (W.D.N.Y. Dec. 6, 2010).

## III.   <u>FACTS</u>

The Court agrees with Plaintiff that "due to the nature of [plaintiff's] arguments [on this appeal], a detailed recitation of the medical evidence of record is not

necessary." (Pl. Br. at 3). It is, however, necessary to assess to what extent the medical evidence of record discusses the plaintiff's obesity. Upon a thorough review, there are no medical records that do more than state the plaintiff's height and weight, which mathematically generates a body mass index (BMI) classification of "obese." (T. 375).

## IV.    THE ALJ'S DECISION

As is relevant to this appeal, the ALJ duly referenced plaintiff's height and weight, noting that those measurements generated a BMI of 34.8. (T. 375, 1057). The ALJ then stated: "While this [obesity] has been considered along with her musculoskeletal impairments and how it impacts them, *there is no evidence in the record, that it causes any additional limitations.*" (T.1057) (emphasis added).

## V.    ISSUE IN CONTENTION

The sole issue raised by plaintiff is that the ALJ failed to comply with Appeals Council direction requiring the ALJ to analyze the plaintiff's obesity under the applicable Agency policy (Social Security Ruling (SSR) 19-2p) throughout the entire sequential evaluation process, particularly at step three. (Pl. Br. at 3). In support of this argument, plaintiff correctly notes that the ALJ applied SSR 02-1p, instead of SSR 19-2p. (T. 1053).  Defendant contends that any error by the ALJ in utilizing the wrong SSR was at most harmless, and did not affect the ALJ's determination, which was supported by substantial evidence.  (Defendant's Brief ("Def. Br.") at 4-12) (Dkt. No. 16).  For the following reasons, the court agrees that the ALJ's application of SSR 02-1p was harmless error, and that remand is not otherwise warranted on the bases set forth by plaintiff.

VI.    __ANALYSIS__

    A.    **Applicable Social Security Ruling**

    The Appeals Council clearly directed the ALJ to assess the plaintiff's obesity under SSR 19-2p. This undisputed fact is a basis for a finding of reversible error, but only to the extent this court finds that such error was not harmless. *Lisa H. v. Comm'r of Soc. Sec.*, No. 1:17-CV-0977 (ATB), 2018 WL 6267372, at *1 n. 2 (N.D.N.Y. Nov. 30, 2018) (citing *Quimby v. Comm'r of Soc. Sec.*, 2010 WL 2425904, at *8 (D. Vt. 2010)). The two SSRs have "nearly identical provisions." *Huntley v. Kijakazi*, No. 1:20-CV-862, 2021 WL 5834406, at *8 (M.D.N.C. 2021); *see also Melissa B. v. Kijakazi*, No. 3:21-CV-20713, 2023 WL 3561506, at *8-12 (D.N.J. 2023)(. . . "SSR 02-1p and SSR 19-2p are generally consistent in their discussion of how obesity should be considered"). Plaintiff fails to supportably explain how the application of SSR 19-2p would have required a different result where, as further set forth below, the ALJ expressly considered plaintiff's obesity along with her musculoskeletal impairments. Thus, the court concludes that the application of SSR 02-1p instead of SSR 19-2p is harmless error in this case, as plaintiff has not demonstrated that the ALJ's error prejudiced her claims in any way. *Huntley*, 2021 WL 5834406, at *8.

    B.    **Assessment of Obesity**

    The ALJ determined obesity, degenerative disc disease of the lumbar spine and degenerative disc disease of the cervical spine were "severe impairments." (T. 1053). He assessed plaintiff's complaints of back pain and neck pain, noting that the consultative examination showed a restricted range of motion of the lumbar spine and

degenerative changes reflected in a 2017 CT scan. (T. 1053). In the next paragraph of the ALJ's decision, he refers to plaintiff's obesity.

In developing the RFC, the ALJ identifies, among other things, spinal stenosis, pain radiating into the arms and shoulders, myalgia in the feet, and difficulty with sitting, standing, and walking. (T.1056). The ALJ concluded that the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence in the record. He then assessed the medical evidence regarding her back and neck. (T.1057). The ALJ considered obesity in assessing the musculoskeletal impairments as the SSR requires, and as far as the medical evidence of record would allow him to do.  As the ALJ noted, the medical record did not provide any evidence that plaintiff's obesity caused any additional limitations. (T.1057).

The court agrees with defendant that the ALJ's failure to explicitly mention obesity at step three does not provide a basis in this case for a finding of reversible error. The court also agrees with defendant that the ALJ's decision should be read as a whole, and it would indeed create needless formality to require the ALJ to repeat his analysis to satisfy this requirement. *Jeanette J. v. Saul*, No. 6:19-CV-0795 (ML), 2020 WL 4932047, at *5 (N.D.N.Y. Aug. 24, 2020); *accord Amanda S. v. Kijakazi*, No. 3:21-CV-240 (DJS), 2022 WL 4104008, at *4 (N.D.N.Y. Sept. 8, 2022); *Todd E. O. v.*

*Comm'r of Soc. Sec.*, No. 5:20-CV-1046 (CFH), 2022 WL 326629, at *10 (N.D.N.Y. Feb. 3, 2022); *Adam T. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1170 (FJS/ATB), 2023 WL 2466690, at *8 (N.D.N.Y. Jan. 3, 2023), *adopted sub nom. Adam R. T. v. Comm'r of Soc. Sec.*, 2023 WL 1775689 (N.D.N.Y. Feb. 6, 2023)). Furthermore, the Second Circuit has held that "the absence of an express rationale for an ALJ's [step three] conclusions does not prevent us from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence.'" *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)). The ALJ cited such "clearly credible evidence" throughout the decision. (Tr. 1053-58). *Id.*

Finally, the ALJ is not medical doctor and is prohibited from rendering medical opinions or second-guessing objective medical findings and test results. An ALJ must rely on medical providers to determine a claimant's medical condition. *Aragon v. Berryhill*, No. CV 17-554 SCY, 2019 WL 251736, at *5 (D.N.M. Jan. 17, 2019).  Here, there is simply no medical evidence in the record that directly addresses the plaintiff's obesity and whether her obesity causes limitations other than the musculoskeletal impairments that were assessed by the ALJ. Plaintiff has also not pointed this court to such other evidence and advances no evidence-based argument to show that the ALJ committed reversible error, and this court finds none.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) be **DENIED**; and it is further

**ORDERED**, that defendant's motion for judgment on the pleadings (Dkt. No. 16) be **GRANTED**; and it is further

**ORDERED**, that the decision of the Commissioner be **AFFIRMED**, and Plaintiff's complaint (Dkt. 1) be **DISMISSED**.


Dated:  April 22, 2024

Mitchell J. Katz
U.S. Magistrate Judge